**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
(973) 624-7070 FAX
Attorneys for Defendants
  *Techtronic Industries North America, Inc. and*
  *One World Technologies, Inc.*

|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | FOR THE DISTRICT OF NEW JERSEY |

|  |  |  |
|---|---|---|
| ANTHONY RIVIECCIO, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. _____ |
| v. | : | Honorable _____ |
| | : | Honorable _____ |
| RYOBI TECHNOLOGIES, INC., | : | |
| TECHTRONIC INDUSTRIES NORTH | : | |
| AMERICA, INC., ONE WORLD | : | **NOTICE OF REMOVAL AND COPIES OF** |
| TECHNOLOGIES, INC. and/or "ABC CORP. | : | **ALL PROCESS AND PLEADINGS** |
| 1-10" (last being a fictitious designation), | : | |
| | : | |
| Defendants. | : | |
| | : | |

TO:     The United States District Court for the District of New Jersey, Newark Division

**PLEASE TAKE NOTICE** that Techtronic Industries North America, Inc., (hereinafter

"Techtronic") and One World Technologies, Inc. (hereinafter "One World") are hereby

removing the above-styled action to this Court pursuant to 28 U.S.C. §1441, *et. seq.*  In support

of this Notice, Defendants state:

1.     The within action, entitled <u>Anthony Rivieccio v. Ryobi Technologies, Inc.,</u>

<u>Techtronic Industries North America, Inc., One World Technologies, Inc. and/or "ABC CORP.</u>

<u>1-10" (last being a fictitious designation)</u> was filed in the Superior Court of New Jersey, Law

Division, Bergen County, Docket No. BER-L-3960-21 on June 18, 2021.

2.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a).  By virtue of the provisions of 28 U.S.C. §1441(a), this entire case is one that may be removed to this Court.

3.      Plaintiff Anthony Rivieccio, is a citizen and resident of the State of New Jersey.

4.      At the time of the filing of the Complaint and at the present time there was not a legal entity known as Ryobi Technologies, Inc., (a former subsidiary of One World Technologies, Inc., merged into Defendant One World Technologies, Inc.)  Before the filing of the Complaint there was a legal entity known as Ryobi Technologies, Inc., which was a corporation of the State of Delaware and which had its principal place of business in the State of South Carolina, and that corporation was merged into Defendant One World Technologies, Inc. in December 2004.  Because at the time of the filing of the Complaint and at the present time there was not a legal entity known as Ryobi it does not need to join in the within Notice of Removal.

5.      At the time of the filing of the Complaint and at the present time, Defendant One World was a corporation of the State of Delaware with its principal place of business in the State of South Carolina.

6.      At the time of the filing of the Complaint and at the present time, Defendant Techtronic was a corporation organized under the laws of the State of Delaware with its principal place of business in the State of South Carolina.

7.      In the Complaint, plaintiff asserts claims for product liability under the New Jersey Product Liability Act and for breach of express warranty arising out of injuries allegedly caused by a saw.  (Complaint, First & Second Counts).  In the Complaint, plaintiff alleges that he was injury while using the product.  (Complaint, First Count, Paragraph 2).  The plaintiff further alleges in the Complaint that as a result of the accident "…the Plaintiff was caused to suffer and

sustain severe, permanent and disabling injuries, both mental and physical, and has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business."   (Complaint, First Count, Paragraph 9).   Hence, based upon the Complaint, plaintiff seeks a recovery in excess of $75,000, exclusive of interest and costs, and/or the value to plaintiff of the relief sought in the Complaint exceeds $75,000, exclusive of interest and costs, and accordingly the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Service of the Summons and the Complaint setting forth the claim for relief upon which such action or proceeding is based was served upon Defendant Ryobi on July 21, 2021. This was the first service of a Summons and Complaint on Defendant Ryobi.

9.      Service of the Summons and the Complaint setting forth the claim for relief upon which such action or proceeding is based was served upon Defendant One World on July 21, 2021.  This was the first service of a Summons and Complaint on Defendant One World.

10.      Service of the Summons and the Complaint setting forth the claim for relief upon which such action or proceeding is based was served upon Defendant Techtronic on July 21, 2021.  This was the first service of a Summons and Complaint on Defendant Techtronic.

11.      Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings received by Defendant Ryobi are attached hereto as Exhibit A (Summons, Track Assignment Notice, Civil Case Information Statement and Complaint).  There were no other process, pleadings or orders served upon, or otherwise received by, Defendant Ryobi.

12.      Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings received by Defendant One World are attached hereto as Exhibit B (Summons, Track Assignment Notice,

Civil Case Information Statement and Complaint).  There were no other process, pleadings or orders served upon, or otherwise received by, Defendant One World.

13.     Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings received by Defendant Techtronic are attached hereto as Exhibit C (Summons, Track Assignment Notice, Civil Case Information Statement and Complaint).  There were no other process, pleadings or orders served upon, or otherwise received by, Defendant Techtronic.

14.     Copies of this Removal Petition are simultaneously being served upon counsel for all parties of record and the State Court from which this action was removed.

WHEREFORE, Defendants Techtronic Industries North America, Inc. and One World Technologies, Inc., pray that this cause proceed in this Court as an action properly removed thereto.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**
Attorneys for Defendants
    *Techtronic Industries North America, Inc. and*
    *One World Technologies, Inc.*

*s/David R. Kott*

By:

David R. Kott
A Member of the Firm

Dated:  July 27, 2021

# *EXHIBIT A*



**null / ALL**
**Transmittal Number: 23526352**
**Date Processed: 07/23/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Mark A. Rowe<br>Techtronic Industries North America, Inc.<br>115 Innovation Way<br>Anderson, SC 29621-7664 |
| **Electronic copy provided to:** | Michele Dawkins |

| | |
|---|---|
| **Entity:** | Ryobi Technologies, Inc.<br>Entity ID Number  2328713 |
| **Entity Served:** | Ryobi Technologies, Inc. |
| **Title of Action:** | Anthony Rivieccio vs. Ryobi Technologies, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Bergen County Superior Court, NJ |
| **Case/Reference No:** | BER-L-003960-21 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 07/21/2021 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Rosemarie Arnold<br>201-461-1111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**LAW OFFICES ROSEMARIE ARNOLD**
**1386 Palisade Avenue**
**Fort Lee, New Jersey 07024**
**(201) 461-1111**
**Attorneys for Plaintiff**
**Attorney ID No.: 034241986**
**Filing Attorney ID No.: 037762011**

| | |
|---|---|
| ANTHONY RIVIECCIO,<br><br>Plaintiff,<br>-against-<br><br>RYOBI TECHNOLOGIES, INC.,<br>TECHTRONIC INDUSTRIES NORTH<br>AMERICA, INC., ONE WORLD<br>TECHNOLOGIES, INC. and/or "ABC CORP.<br>1-10" (last being a fictitious designation),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-3960-21<br><br>CIVIL ACTION<br><br>**SUMMONS** |

### THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

### ⟶ RYOBI TECHNOLOGIES, INC.

THE Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If the complaint is one in foreclosure, then you must file your written answer to motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ 135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, call a Legal Services Office.  An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County Lawyer Referral Service.  These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service, toll free (800) 792-8315 (within New Jersey) or (609) 394-1101 (from out of state).  The phone number for the county in which this action is pending are: Lawyer Referral Service (973) 622-6204, Legal Service Office (973)624-4500.

Dated: June 18, 2021

*S/. Michelle M. Smith*

Michelle M. Smith

**Name of Defendant:**    **RYOBI TECHNOLOGIES, INC.**
**Address to be Served:**  **1428 Pearman Dairy Road, Anderson, South Carolina 29625**

**LAW OFFICES ROSEMARIE ARNOLD**
**1386 Palisade Avenue**
**Fort Lee, New Jersey 07024**
**(201) 461-1111**
**Attorneys for Plaintiff**
**Attorney ID No.: 034241986**
**Filing Attorney ID No.: 037762011**

| | |
|---|---|
| ANTHONY RIVIECCIO, <br><br> Plaintiff, <br> -against- <br><br> RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br><br> DOCKET NO.: BER-L- <br><br> CIVIL ACTION <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, ANTHONY RIVIECCIO, residing at 262 11th Street in the Borough of Palisades Park, County of Bergen, State of New Jersey, by way of Complaint against Defendants, says:

## FIRST COUNT

1.      Upon information and belief, at all times hereinafter mentioned, Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), were corporations doing business in the State of New Jersey, engaged in the design, manufacture, supply, assembly, installation, maintenance, inspection, repair, packaging, distribution, advertising, marketing and/or sale of a certain Ryobi 10 inch Table Saw with model number BTS10S and its accompanying parts (hereinafter referred to as the "product").

2.      On or about June 22, 2019, Plaintiff, ANTHONY RIVIECCIO, was caused to become injured by the Ryobi 10 inch Table Saw with model number BTS10S, due to the negligent,

careless, defective and/or hazardous design, manufacture, supply, assembly, installation, maintenance, inspection, repair, packaging, distribution, advertising, marketing and/or sale of said product.

3.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), expressly and impliedly warranted to Plaintiff and persons such as Plaintiff that the aforesaid product was merchantable and fit for the use for which it was intended and are strictly liable in tort for any and all defects in the aforesaid product.

4.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), owed a duty to Plaintiff and foreseeable users, such as Plaintiff, to exercise due care in designing, manufacturing, supplying, assembling, installing, maintaining, inspecting, repairing, packaging, distributing, advertising, marketing and/or selling the product involved in this action.

5.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), knew or in the exercise of reasonable care should have known, that the product was (a) designed, manufactured, assembled, installed, maintained, inspected, repaired, packaged, distributed, advertised, marketed and/or sold in a condition inherently dangerous for its intended use; (b) failed to warn or give adequate notice of the method of assembly of the aforesaid product and/or that same was defectively designed and/or failed to warn of the hazardous design and inherent dangers of this product; (c) failed to otherwise exercise due care with respect to designing, manufacturing, supplying, assembling, installing, maintaining,

inspecting, repairing, packaging, distributing, advertising, marketing and/or selling the product involved in this action.

6.    Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breached their duty to Plaintiff and/or violated N.J.S.A. 2:58C-2 in that said Defendants:

(a) designed, manufactured, assembled, supplied, packaged, installed, maintained, inspected, distributed and/or sold the product with the aforementioned defects;

(b) failed to warn or give adequate notice that the product was defectively designed;

(c) failed to otherwise exercise due care with respect to designing, manufacturing, assembling, supplying, packaging, installing, maintaining, inspecting, distributing and/or selling the product involved in this action.

7.    Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), knew, or in the exercise of reasonable care should have known, that the product was a dangerous instrumentality if not properly designed, manufactured, packaged, tested, or inspected and that the product presented the probability of harm to any foreseeable users unless it was free from defects. Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), had a duty to foreseeable users, and to Plaintiff in particular, to:

(a) inspect and test the product that Defendants sold so as to determine whether it would be reasonably fit for its intended uses; and

(b) warn or give fair and adequate notice of the inherently dangerous condition existing as result of the negligent design, manufacture, assembly, supply, packaging, installation, maintenance, inspection, distribution and/or sale of the product.

8.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breached the duty and/or violated N.J.S.A. 2A:58C-2 described above in that said Defendants failed to warn Plaintiff of the inherently dangerous condition of the product and failed to inspect or test the product to determine whether it was reasonably fit for its intended use.

9.     As a proximate cause and reasonably foreseeable result of Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), negligent acts or omissions and/or strict liability the Plaintiff was caused to suffer and sustain severe, permanent and disabling injuries, both mental and physical, and has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

10.    As a proximate cause and reasonably foreseeable result of any and all of the foregoing acts and/or omissions, Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), are strictly liable in tort pursuant to N.J.S.A. 2A:58C-2

**WHEREFORE**, Plaintiff, ANTHONY RIVIECCIO, demands judgment against Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), jointly, severally and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

## SECOND COUNT

1.      Plaintiff repeats the allegations contained all previous Counts of the Complaint as if set forth herein at length.

2.      Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), expressly warranted that the product was merchantable, safely designed, and fit for the particular purpose for which it was produced, sold, and intended to be used.  Plaintiff relied on those warranties when using the product in the manner which it was intended to be used.

3.      Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breached those express warranties in that the product was not safely designed, manufactured, supplied, assembled, installed, maintained, inspected, repaired, packaged, distributed, advertised, marketed and/or sold.  In fact, the product in question was inherently dangerous in its design, manufacture, supply, assembly, installation, maintenance, inspection, repair, packaging, distribution, advertising, marketing and/or sale and was inherently dangerous for its intended use.

4.      As a proximate cause and reasonably foreseeable result of Defendants, RYOBI

TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breach of the express warranties described above, Plaintiff was caused to suffer and sustain severe, permanent and disabling injuries, both mental and physical, and has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

**WHEREFORE**, Plaintiff, ANTHONY RIVIECCIO, demands judgment against Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), jointly, severally and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

## THIRD COUNT

1.     Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint as if set forth herein at length.

2.     Plaintiff, ANTHONY RIVIECCIO, is the intended third party beneficiary under a policy or policies of insurance held by Defendants herein for the payment of medical expenses incurred as a result of the subject accident, regardless of fault.

3.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), have failed to honor the provisions of said policy and have refused and continue to refuse to make payment of medical expenses incurred as the result of the subject accident up to the limit of the policy provisions as aforesaid.

**WHEREFORE**, Plaintiff, ANTHONY RIVIECCIO, demands judgment against Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), jointly, severally and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Daniel S. Suh, Esq. is designated as trial counsel.

### CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by the Plaintiff, and that there are no other parties, whom, to the knowledge of the Plaintiff's counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**LAW OFFICES ROSEMARIE ARNOLD**
Attorneys for Plaintiff

*S/ Daniel S. Suh*
Daniel S. Suh

Dated: June 15, 2021

# Civil Case Information Statement

### Case Details: BERGEN | Civil Part Docket# L-003960-21

**Case Caption:** RIVIECCIO ANTHONY VS RYOBI
TECHNOLOGIES, INC.

**Case Initiation Date:** 06/18/2021

**Attorney Name:** DANIEL S SUH

**Firm Name:** ROSEMARIE ARNOLD

**Address:** 1386 PALISADE AVE

FORT LEE NJ 07024

**Phone:** 2014611111

**Name of Party:** PLAINTIFF : Rivieccio, Anthony

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**

**transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Anthony Rivieccio?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
 **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
 **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/18/2021
Dated

/s/ DANIEL S SUH
Signed

*EXHIBIT B*



# Notice of Service of Process

**KN4 / ALL**
**Transmittal Number: 23527495**
**Date Processed: 07/23/2021**

| | |
|---|---|
| **Primary Contact:** | Mark A. Rowe<br>Techtronic Industries North America, Inc.<br>115 Innovation Way<br>Anderson, SC 29621-7664 |

| | |
|---|---|
| **Electronic copy provided to:** | Michele Dawkins |

| | |
|---|---|
| **Entity:** | One World Technologies, Inc.<br>Entity ID Number  2005434 |
| **Entity Served:** | One World Technologies, Inc. |
| **Title of Action:** | Anthony Rivieccio  vs. Ryobi Technologies, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Bergen County Superior Court, NJ |
| **Case/Reference No:** | BER-L-003960-21 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 07/21/2021 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Daniel S. Suh<br>201-461-1111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**LAW OFFICES ROSEMARIE ARNOLD**
**1386 Palisade Avenue**
**Fort Lee, New Jersey 07024**
**(201) 461-1111**
**Attorneys for Plaintiff**
**Attorney ID No.: 034241986**
**Filing Attorney ID No.: 037762011**

| | |
|---|---|
| ANTHONY RIVIECCIO,<br><br>    Plaintiff,<br>-against-<br><br>RYOBI TECHNOLOGIES, INC.,<br>TECHTRONIC INDUSTRIES NORTH<br>AMERICA, INC., ONE WORLD<br>TECHNOLOGIES, INC. and/or "ABC CORP.<br>1-10" (last being a fictitious designation),<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-3960-21<br><br>CIVIL ACTION<br><br>**SUMMONS** |

### THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

### ➷   ONE WORLD TECHNOLOGIES, INC.

THE Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ 135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County Lawyer Referral Service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service, toll free (800) 792-8315 (within New Jersey) or (609) 394-1101 (from out of state). The phone number for the county in which this action is pending are: Lawyer Referral Service (973) 622-6204, Legal Service Office (973)624-4500.

Dated: June 18, 2021                    *S/. Michelle M. Smith*
                                         Michelle M. Smith


**Name of Defendant:   ONE WORLD TECHNOLOGIES, INC.**
**Address to be Served:  100 Innovation Way, Anderson, South Carolina 29621**

**LAW OFFICES ROSEMARIE ARNOLD**
**1386 Palisade Avenue**
**Fort Lee, New Jersey 07024**
**(201) 461-1111**
**Attorneys for Plaintiff**
**Attorney ID No.: 034241986**
**Filing Attorney ID No.: 037762011**

| | |
|---|---|
| ANTHONY RIVIECCIO, <br><br> Plaintiff, <br> -against- <br><br> RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br><br> DOCKET NO.: BER-L- <br><br> CIVIL ACTION <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, ANTHONY RIVIECCIO, residing at 262 11th Street in the Borough of Palisades Park, County of Bergen, State of New Jersey, by way of Complaint against Defendants, says:

## FIRST COUNT

1. Upon information and belief, at all times hereinafter mentioned, Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), were corporations doing business in the State of New Jersey, engaged in the design, manufacture, supply, assembly, installation, maintenance, inspection, repair, packaging, distribution, advertising, marketing and/or sale of a certain Ryobi 10 inch Table Saw with model number BTS10S and its accompanying parts (hereinafter referred to as the "product").

2. On or about June 22, 2019, Plaintiff, ANTHONY RIVIECCIO, was caused to become injured by the Ryobi 10 inch Table Saw with model number BTS10S, due to the negligent,

careless, defective and/or hazardous design, manufacture, supply, assembly, installation, maintenance, inspection, repair, packaging, distribution, advertising, marketing and/or sale of said product.

3.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), expressly and impliedly warranted to Plaintiff and persons such as Plaintiff that the aforesaid product was merchantable and fit for the use for which it was intended and are strictly liable in tort for any and all defects in the aforesaid product.

4.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), owed a duty to Plaintiff and foreseeable users, such as Plaintiff, to exercise due care in designing, manufacturing, supplying, assembling, installing, maintaining, inspecting, repairing, packaging, distributing, advertising, marketing and/or selling the product involved in this action.

5.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), knew or in the exercise of reasonable care should have known, that the product was (a) designed, manufactured, assembled, installed, maintained, inspected, repaired, packaged, distributed, advertised, marketed and/or sold in a condition inherently dangerous for its intended use; (b) failed to warn or give adequate notice of the method of assembly of the aforesaid product and/or that same was defectively designed and/or failed to warn of the hazardous design and inherent dangers of this product; (c) failed to otherwise exercise due care with respect to designing, manufacturing, supplying, assembling, installing, maintaining,

inspecting, repairing, packaging, distributing, advertising, marketing and/or selling the product involved in this action.

6.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breached their duty to Plaintiff and/or violated N.J.S.A. 2:58C-2 in that said Defendants:

(a) designed, manufactured, assembled, supplied, packaged, installed, maintained, inspected, distributed and/or sold the product with the aforementioned defects;

(b) failed to warn or give adequate notice that the product was defectively designed;

(c) failed to otherwise exercise due care with respect to designing, manufacturing, assembling, supplying, packaging, installing, maintaining, inspecting, distributing and/or selling the product involved in this action.

7.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), knew, or in the exercise of reasonable care should have known, that the product was a dangerous instrumentality if not properly designed, manufactured, packaged, tested, or inspected and that the product presented the probability of harm to any foreseeable users unless it was free from defects. Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), had a duty to foreseeable users, and to Plaintiff in particular, to:

(a) inspect and test the product that Defendants sold so as to determine whether it would be reasonably fit for its intended uses; and

(b) warn or give fair and adequate notice of the inherently dangerous condition existing as result of the negligent design, manufacture, assembly, supply, packaging, installation, maintenance, inspection, distribution and/or sale of the product.

8.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breached the duty and/or violated N.J.S.A. 2A:58C-2 described above in that said Defendants failed to warn Plaintiff of the inherently dangerous condition of the product and failed to inspect or test the product to determine whether it was reasonably fit for its intended use.

9.     As a proximate cause and reasonably foreseeable result of Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), negligent acts or omissions and/or strict liability the Plaintiff was caused to suffer and sustain severe, permanent and disabling injuries, both mental and physical, and has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

10.     As a proximate cause and reasonably foreseeable result of any and all of the foregoing acts and/or omissions, Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), are strictly liable in tort pursuant to N.J.S.A. 2A:58C-2

WHEREFORE, Plaintiff, ANTHONY RIVIECCIO, demands judgment against Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), jointly, severally and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

## SECOND COUNT

1.      Plaintiff repeats the allegations contained all previous Counts of the Complaint as if set forth herein at length.

2.      Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), expressly warranted that the product was merchantable, safely designed, and fit for the particular purpose for which it was produced, sold, and intended to be used.  Plaintiff relied on those warranties when using the product in the manner which it was intended to be used.

3.      Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or."ABC CORP. 1-10" (last being a fictitious designation), breached those express warranties in that the product was not safely designed, manufactured, supplied, assembled, installed, maintained, inspected, repaired, packaged, distributed, advertised, marketed and/or sold.  In fact, the product in question was inherently dangerous in its design, manufacture, supply, assembly, installation, maintenance, inspection, repair, packaging, distribution, advertising, marketing and/or sale and was inherently dangerous for its intended use.

4.      As a proximate cause and reasonably foreseeable result of Defendants, RYOBI

TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breach of the express warranties described above, Plaintiff was caused to suffer and sustain severe, permanent and disabling injuries, both mental and physical, and has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

**WHEREFORE**, Plaintiff, ANTHONY RIVIECCIO, demands judgment against Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), jointly, severally and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

**THIRD COUNT**

1.      Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint as if set forth herein at length.

2.      Plaintiff, ANTHONY RIVIECCIO, is the intended third party beneficiary under a policy or policies of insurance held by Defendants herein for the payment of medical expenses incurred as a result of the subject accident, regardless of fault.

3.      Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), have failed to honor the provisions of said policy and have refused and continue to refuse to make payment of medical expenses incurred as the result of the subject accident up to the limit of the policy provisions as aforesaid.

**WHEREFORE**, Plaintiff, ANTHONY RIVIECCIO, demands judgment against Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), jointly, severally and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Daniel S. Suh, Esq. is designated as trial counsel.

### CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by the Plaintiff, and that there are no other parties, whom, to the knowledge of the Plaintiff's counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICES ROSEMARIE ARNOLD
Attorneys for Plaintiff

*S/ Daniel S. Suh*
Daniel S. Suh

Dated: June 15, 2021

# Civil Case Information Statement

### Case Details: BERGEN | Civil Part Docket# L-003960-21

**Case Caption:** RIVIECCIO ANTHONY VS RYOBI TECHNOLOGIES, INC.

**Case Initiation Date:** 06/18/2021

**Attorney Name:** DANIEL S SUH

**Firm Name:** ROSEMARIE ARNOLD

**Address:** 1386 PALISADE AVE

FORT LEE NJ 07024

**Phone:** 2014611111

**Name of Party:** PLAINTIFF : Rivieccio, Anthony

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Anthony Rivieccio?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/18/2021
Dated

/s/ DANIEL S SUH
Signed

*EXHIBIT C*



**null / ALL**
**Transmittal Number: 23526281**
**Date Processed: 07/23/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Mark A. Rowe<br>Techtronic Industries North America, Inc.<br>115 Innovation Way<br>Anderson, SC 29621-7664 |

| | |
|---|---|
| **Electronic copy provided to:** | Michele Dawkins |

| | |
|---|---|
| **Entity:** | Techtronic Industries North America, Inc.<br>Entity ID Number  2193062 |
| **Entity Served:** | Techtronic Industries North America, Inc. |
| **Title of Action:** | Anthony Rivieccio vs. Ryobi Technologies, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Bergen County Superior Court, NJ |
| **Case/Reference No:** | BER-L-003960-21 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 07/21/2021 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Rosemarie Arnold<br>201-461-1111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**LAW OFFICES ROSEMARIE ARNOLD**
1386 Palisade Avenue
Fort Lee, New Jersey 07024
(201) 461-1111
Attorneys for Plaintiff
Attorney ID No.: 034241986
Filing Attorney ID No.: 037762011

| | |
|---|---|
| ANTHONY RIVIECCIO, <br><br> Plaintiff, <br><br> -against- <br><br> RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br><br> DOCKET NO.: BER-L-3960-21 <br><br> CIVIL ACTION <br><br> **SUMMONS** |

### THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

### ➡ TECHTRONIC INDUSTRIES NORTH AMERICA, INC.

THE Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If the complaint is one in foreclosure, then you must file your written answer to motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ 135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, call a Legal Services Office.  An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County Lawyer Referral Service.  These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service, toll free (800) 792-8315 (within New Jersey) or (609) 394-1101 (from out of state).  The phone number for the county in which this action is pending are: Lawyer Referral Service (973) 622-6204, Legal Service Office (973)624-4500.

Dated: June 18, 2021               *S/. Michelle M. Smith*

                                   Michelle M. Smith


**Name of Defendant:**   **TECHTRONIC INDUSTRIES NORTH AMERICA, INC.**
**Address to be Served:** **450 East Las Olas Boulevard, Suite 1500, Fort Lauderdale, Florida 33301**

**LAW OFFICES ROSEMARIE ARNOLD**
**1386 Palisade Avenue**
**Fort Lee, New Jersey 07024**
**(201) 461-1111**
**Attorneys for Plaintiff**
**Attorney ID No.: 034241986**
**Filing Attorney ID No.: 037762011**

| | |
|---|---|
| ANTHONY RIVIECCIO,<br><br>             Plaintiff,<br>-against-<br><br>RYOBI TECHNOLOGIES, INC.,<br>TECHTRONIC INDUSTRIES NORTH<br>AMERICA, INC., ONE WORLD<br>TECHNOLOGIES, INC. and/or "ABC CORP.<br>1-10" (last being a fictitious designation),<br><br>             Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, ANTHONY RIVIECCIO, residing at 262 11th Street in the Borough of Palisades Park, County of Bergen, State of New Jersey, by way of Complaint against Defendants, says:

## FIRST COUNT

1.      Upon information and belief, at all times hereinafter mentioned, Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), were corporations doing business in the State of New Jersey, engaged in the design, manufacture, supply, assembly, installation, maintenance, inspection, repair, packaging, distribution, advertising, marketing and/or sale of a certain Ryobi 10 inch Table Saw with model number BTS10S and its accompanying parts (hereinafter referred to as the "product").

2.      On or about June 22, 2019, Plaintiff, ANTHONY RIVIECCIO, was caused to become injured by the Ryobi 10 inch Table Saw with model number BTS10S, due to the negligent,

careless, defective and/or hazardous design, manufacture, supply, assembly, installation, maintenance, inspection, repair, packaging, distribution, advertising, marketing and/or sale of said product.

3.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), expressly and impliedly warranted to Plaintiff and persons such as Plaintiff that the aforesaid product was merchantable and fit for the use for which it was intended and are strictly liable in tort for any and all defects in the aforesaid product.

4.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), owed a duty to Plaintiff and foreseeable users, such as Plaintiff, to exercise due care in designing, manufacturing, supplying, assembling, installing, maintaining, inspecting, repairing, packaging, distributing, advertising, marketing and/or selling the product involved in this action.

5.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), knew or in the exercise of reasonable care should have known, that the product was (a) designed, manufactured, assembled, installed, maintained, inspected, repaired, packaged, distributed, advertised, marketed and/or sold in a condition inherently dangerous for its intended use; (b) failed to warn or give adequate notice of the method of assembly of the aforesaid product and/or that same was defectively designed and/or failed to warn of the hazardous design and inherent dangers of this product; (c) failed to otherwise exercise due care with respect to designing, manufacturing, supplying, assembling, installing, maintaining,

inspecting, repairing, packaging, distributing, advertising, marketing and/or selling the product involved in this action.

6.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breached their duty to Plaintiff and/or violated N.J.S.A. 2:58C-2 in that said Defendants:

(a) designed, manufactured, assembled, supplied, packaged, installed, maintained, inspected, distributed and/or sold the product with the aforementioned defects;

(b) failed to warn or give adequate notice that the product was defectively designed;

(c) failed to otherwise exercise due care with respect to designing, manufacturing, assembling, supplying, packaging, installing, maintaining, inspecting, distributing and/or selling the product involved in this action.

7.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), knew, or in the exercise of reasonable care should have known, that the product was a dangerous instrumentality if not properly designed, manufactured, packaged, tested, or inspected and that the product presented the probability of harm to any foreseeable users unless it was free from defects. Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), had a duty to foreseeable users, and to Plaintiff in particular, to:

(a) inspect and test the product that Defendants sold so as to determine whether it would be reasonably fit for its intended uses; and

(b) warn or give fair and adequate notice of the inherently dangerous condition existing as result of the negligent design, manufacture, assembly, supply, packaging, installation, maintenance, inspection, distribution and/or sale of the product.

8.     Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breached the duty and/or violated N.J.S.A. 2A:58C-2 described above in that said Defendants failed to warn Plaintiff of the inherently dangerous condition of the product and failed to inspect or test the product to determine whether it was reasonably fit for its intended use.

9.     As a proximate cause and reasonably foreseeable result of Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), negligent acts or omissions and/or strict liability the Plaintiff was caused to suffer and sustain severe, permanent and disabling injuries, both mental and physical, and has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

10.     As a proximate cause and reasonably foreseeable result of any and all of the foregoing acts and/or omissions, Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), are strictly liable in tort pursuant to N.J.S.A. 2A:58C-2

**WHEREFORE**, Plaintiff, ANTHONY RIVIECCIO, demands judgment against Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), jointly, severally and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

## SECOND COUNT

1.      Plaintiff repeats the allegations contained all previous Counts of the Complaint as if set forth herein at length.

2.      Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), expressly warranted that the product was merchantable, safely designed, and fit for the particular purpose for which it was produced, sold, and intended to be used.  Plaintiff relied on those warranties when using the product in the manner which it was intended to be used.

3.      Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breached those express warranties in that the product was not safely designed, manufactured, supplied, assembled, installed, maintained, inspected, repaired, packaged, distributed, advertised, marketed and/or sold.  In fact, the product in question was inherently dangerous in its design, manufacture, supply, assembly, installation, maintenance, inspection, repair, packaging, distribution, advertising, marketing and/or sale and was inherently dangerous for its intended use.

4.      As a proximate cause and reasonably foreseeable result of Defendants, RYOBI

TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), breach of the express warranties described above, Plaintiff was caused to suffer and sustain severe, permanent and disabling injuries, both mental and physical, and has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

**WHEREFORE**, Plaintiff, ANTHONY RIVIECCIO, demands judgment against Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), jointly, severally and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

### THIRD COUNT

1.      Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint as if set forth herein at length.

2.      Plaintiff, ANTHONY RIVIECCIO, is the intended third party beneficiary under a policy or policies of insurance held by Defendants herein for the payment of medical expenses incurred as a result of the subject accident, regardless of fault.

3.      Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), have failed to honor the provisions of said policy and have refused and continue to refuse to make payment of medical expenses incurred as the result of the subject accident up to the limit of the policy provisions as aforesaid.

**WHEREFORE**, Plaintiff, ANTHONY RIVIECCIO, demands judgment against Defendants, RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC. and/or "ABC CORP. 1-10" (last being a fictitious designation), jointly, severally and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Daniel S. Suh, Esq. is designated as trial counsel.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by the Plaintiff, and that there are no other parties, whom, to the knowledge of the Plaintiff's counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**LAW OFFICES ROSEMARIE ARNOLD**
Attorneys for Plaintiff

*S / Daniel S. Suh*
Daniel S. Suh

Dated: June 15, 2021

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003960-21

**Case Caption:** RIVIECCIO ANTHONY  VS RYOBI
TECHNOLOGIES,  INC.

**Case Initiation Date:** 06/18/2021

**Attorney Name:** DANIEL S SUH

**Firm Name:** ROSEMARIE ARNOLD

**Address:** 1386 PALISADE AVE

FORT LEE NJ 07024

**Phone:** 2014611111

**Name of Party:** PLAINTIFF : Rivieccio, Anthony

**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**
**transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Anthony Rivieccio? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual**
**management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/18/2021
Dated

/s/ DANIEL S SUH
Signed